Fabricant, J.
After hearing, and after review of all materials submitted, including the plaintiffs post-argument Second Supplemental Memorandum of Law, dated June 21, 1999, and attachment, the Court concludes as follows.
The defendants’ 1991 discharge in bankruptcy extinguished their personal debt under the 1989 note and guaranty, but did not extinguish the plaintiffs predecessor’s security interest in the two parcels of real estate on which it held mortgages. Thereafter, the plaintiffs predecessor had the right to foreclose on the real estate to satisfy the original debt, but did not have any right to proceed against the defendants individu *380 ally. See Dewsnup v. Timm, 502 U.S. 410, 417 (1991); Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).
After the discharge, the parties were free to enter into any new contracts they might choose, for new consideration. They could not, however, validly reaffirm the discharged debt, or enter into any agreement “consideration for which, in whole or in part, is based on” the discharged debt, without complying with the requirements of 11 U.S.C. §524(c). It is undisputed that no reaffirmation occurred in compliance with that provision. Thus, to the extent that the consideration for the debt the plaintiff seeks to enforce in this action is based “in whole or in part” on the original 1989 debt that was discharged in the 1991 bankruptcy, the debt is void and unenforceable.
The plaintiff relies on the 1992 and 1996 forbearance agreements. Each of those agreements reflects that, as of the time of its execution, the plaintiffs predecessor refrained from exercising its right to foreclose on the real estate, and modified certain terms of the original note, in return for the defendants’ undertakings under the agreement. Thus, at least part of the consideration given by the plaintiffs predecessor for each agreement was new. It is equally apparent from the terms of both agreements, however, that part of the consideration was the original debt that had already been discharged in bankruptcy. Both agreements refer to the original note and guaranty, as if both remained fully effective, without any acknowledgment of the discharge in bankruptcy. The 1992 agreement recites that “the Borrower is indebted . . . pursuant to the Note” in specified amounts, and that the defendants “confirm their Guarantees and acknowledge, that the same remain in full force and effect according to their original terms and conditions.” The 1996 agreement, while making no reference to the 1992 agreement, refers to the original note and guaranty, reciting that the defendants “individually guaranteed the obligations of the Borrower under the Note,” that the holder “has informed the Borrower it will foreclose upon the mortgage and pursue its other remedies against the Borrower and the DiF-lorios,” and that “[ejxcept as modified by this Agreement, the terms and provisions set forth in the Note, the mortgage and the Guaranty shall remain in full force and effect.”
At the time of the 1992 and 1996 agreements, the plaintiffs predecessors were on notice of the discharge in bankruptcy, the original note-holder having been listed on the schedule of creditors filed with the Bankruptcy Court. The record provides no indication, however, of the degree to which the defendants were aware of the effect of the discharge on the original debt, of their right to refuse to reaffirm that debt, or of the potential consequences of such refusal. It thus appears that the 1992 and 1996 agreements fall directly within the category of agreements that §524(c) is intended to prevent. Thus, both agreements are void under that provision, and the defendants are entitled to judgment as a matter of law. Nothing in this decision has any bearing on any rights of the plaintiff, or any other party, under the mortgage.
CONCLUSION
For the reasons stated, the plaintiffs Motion for Summary Judgment is DENIED, and it is hereby ordered that JUDGMENT enter for the defendants.